**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                                   **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 5:14-cv-73-DCB-MTP**

**PHILLIP PRINZO**                                                              **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Strike [16] and *sua sponte* upon Plaintiff's failure to comply with the Court's prior Orders [13] [18]. Having considered the record and the applicable law, the undersigned recommends that Plaintiff's Motion to Strike [16] be granted and Plaintiff's Answer [9] be stricken.

On October 15, 2014, Defendant Phillip Prinzo filed a letter with the Court, which the Court liberally construed as an answer to the complaint. *See* Answer [9]. In the correspondence, however, Defendant did not admit or deny the allegations in each numbered paragraph of the complaint and may not have included all of the defenses upon which he relies in opposition to the complaint. Thus, on November 26, 2014, Plaintiff filed a Motion for More Definite Statement [12]. On December 4, 2014, the Court granted Plaintiff's Motion [12] and ordered Defendant to file an amended answer on or before January 5, 2015. *See* Order [13]. Plaintiff did not file an amended answer. On January 27, 2015, Plaintiff moved the Court to strike Defendant's Answer [9] based on Defendant's failure to comply with the Court's Order [13]. *See* Motion [16]. Defendant did not respond to Plaintiff's Motion [16].

Thus, on March 23, 2015, the Court entered an Order to Show Cause [18] directing Defendant to file a written statement on or before April 7, 2015, setting forth why he failed to comply with the Court's prior Order [13]. The Court also ordered Defendant to file an amended

answer on or before April 7, 2015. The Court warned Defendant that his failure to comply with the Order to Show Cause [18] may result in his Answer [9] being stricken, entry of a default judgment against him, or the imposition of other appropriate sanctions. Defendant has filed no response to the Order to Show Cause [18].

Pursuant to Fed. R. Civ. P. 12(e), "[i]f the court orders a more definite statement and the order is not obeyed . . . within the time the court sets, the court may strike the pleading or issue any other appropriate order." Additionally, this Court possesses the inherent power to control its docket and the parties before it. *Smith v. Legg*, 24 F3d 650, 654 (5th Cir. 1994). The inherent power of the Court emanates from the "'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

The record demonstrates that Defendant has not complied with the orders of the Court and that he has apparently abandoned the defense of this action. Accordingly, Plaintiff's Motion [16] should be granted and Defendant's Answer [9] should be stricken.

## RECOMMENDATION

As Defendant has failed in his obligation to comply with the Court's Orders [13] [18], the undersigned recommends that Plaintiff's Motion to Strike [16] be granted and Plaintiff's Answer [9] be stricken.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 28th day of April, 2015.

                                                   s/ Michael T. Parker  
                                                   United States Magistrate Judge