```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

RONALDO DESIGNER JEWELRY, INC.                               PLAINTIFF

VS.                            CIVIL ACTION NO. 5:14-cv-73(DCB)(MTP)

PHILLIP PRINZO                                               DEFENDANT

<u>ORDER</u>

This cause is before the Court on the plaintiff Ronaldo Designer Jewelry, Inc.'s Motion to Strike **(docket entry 16)**, and on the Report and Recommendation **(docket entry 19)** of Magistrate Judge Michael T. Parker.  Having carefully considered the motion and the report and recommendation, to which no responses have been filed by the defendant, the Court finds as follows:

On October 15, 2014, the defendant Phillip Prinzo filed a letter with the Court, which the Court liberally construed as an answer to the complaint.  <u>See</u> Answer (docket entry 9).  Magistrate Judge Parker found that the defendant, in his correspondence, did not admit or deny the allegations in each numbered paragraph of the complaint, and that the defendant might not have included all of the defenses upon which he relied in opposition to the complaint. On November 26, 2014, the plaintiff filed a Motion for More Definite Statement (docket entry 12).  On December 4, 2014, the Court granted the motion for more definite statement and ordered the Defendant to file an amended answer on or before January 5, 2015.  (Docket entry 13).

The plaintiff did not file an amended answer. On January 27, 2015, the plaintiff filed a motion (docket entry 16) to strike the defendant's Answer based on the defendant's failure to comply with the Court's Order. The defendant did not respond to the plaintiff's Motion. On March 23, 2015, the Court entered an Order to Show Cause (docket entry 18), directing the defendant to file a written statement on or before April 7, 2015, setting forth why he failed to comply with the Court's December 4, 2014 Order. The Court also ordered the defendant to file an amended answer on or before April 7, 2015. The Court warned the defendant that his failure to comply with the Order to Show Cause could result in his Answer being stricken, entry of a default judgment against him, or the imposition of other appropriate sanctions. The defendant has not responded to the Order to Show Cause.

Pursuant to Fed.R.Civ.P. 12(e), "[i]f the court orders a more definite statement and the order is not obeyed ... within the time the court sets, the court may strike the pleading or issue any other appropriate order." In addition, this Court possesses the inherent power to control its docket and the parties before it. Smith v. Legg, 24 F3d 650, 654 (5th Cir. 1994). The inherent power of the Court emanates from the "'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)(quoting Link v. Wabash R. Co., 370 U.S. 626,

630-31 (1962)).

The Court agrees with Magistrate Judge Parker that the record in this case demonstrates that the defendant has not complied with the orders of the Court, and that he has apparently abandoned the defense of this action.  Accordingly, the Court adopts the Report and Recommendation, grants the plaintiff's Motion to Strike, and strikes the defendant's Answer.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 19)** of Magistrate Judge Michael T. Parker is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that the plaintiff Ronaldo Designer Jewelry, Inc.'s Motion to Strike **(docket entry 16)** is GRANTED, and the defendant's Answer (docket entry 9) is hereby STRICKEN.

SO ORDERED, this the 12th day of June, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE