```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

RONALDO DESIGNER JEWELRY, INC.                              PLAINTIFF

VS.                          CIVIL ACTION NO. 5:14-cv-73(DCB)(MTP)

PHILLIP PRINZO                                              DEFENDANT

<u>ORDER</u>

This cause is before the Court on the plaintiff Ronaldo Designer Jewelry, Inc.'s Motion for Default Judgment **(docket entry 22)**, filed August 27, 2015.  After careful consideration of the plaintiff's motion, the Court finds as follows:

Obtaining a default judgment involves a two-step process.  The first step involves the application for an entry of default by the Clerk against a party who fails to "plead or otherwise defend." Fed.R.Civ.P. 55(a).  After the entry of default is obtained, the second step requires a motion for default judgment pursuant to Fed.R.Civ.P. 55(b).

After a defendant's default has been entered, a plaintiff may apply for a judgment based on such entry of default. <u>New York Life Ins. Co. v. Brown</u>, 84 F.3d 137, 141 (5th Cir. 1996)(citation omitted).  The procedural background of this case establishes that there has been no entry of default by the clerk, and no application for entry of default pursuant to Fed.R.Civ.P. 55(a).  Entry of default from the clerk of court under Rule 55(a) is a prerequisite to obtaining a default judgment under rule 55(b).  <u>Gilbert v.</u>

Eckerd Drugs, 1998 WL 388567 *3 (E.D. La. July 8, 1998).  The plaintiff's motion for default judgment must therefore be denied for failure to comply with Rule 55.  Id.; see also Garibaldi v. Orleans Parish School Board, 1997 WL 375666, *1 (E.D. La. July 2, 1997).  Accordingly,

IT IS HEREBY ORDERED that the plaintiff Ronaldo Designer Jewelry, Inc.'s Motion for Default Judgment **(docket entry 22)** is DENIED without prejudice.

SO ORDERED, this the 3rd day of September, 2015.

/s/ David Bramlette

UNITED STATES DISTRICT JUDGE