IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


RONALDO DESIGNER JEWELRY, INC.                        PLAINTIFF

VS.                          CIVIL ACTION NO. 5:14-cv-73(DCB)(MTP)

PHILLIP PRINZO                                        DEFENDANT


ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

This cause is before the Court on the plaintiff Ronaldo Designer Jewelry, Inc. ("Ronaldo")'s Motion for Preliminary Injunction **(docket entry 31).** Ronaldo moves for a preliminary injunction pursuant to Fed.R.Civ.P. 65(a) to (1) enjoin the plaintiff, Phillip Prinzo ("Prinzo"), from copying, manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling or otherwise placing on the market the jewelry, marketing and advertising materials which Ronaldo contends infringe upon Ronaldo's copyrights, trademarks, and trade dress ("Infringing Works" or "Works"); (2) to require Prinzo to immediately withdraw from all sales outlets any and all inventory of the jewelry, marketing, and advertising materials which Ronaldo contends infringe upon Ronaldo's copyrights, trademarks, and trade dress; and (3) to require Prinzo to identify each and every person or entity from whom Prinzo has acquired any and all Infringing Works and to whom Prinzo has licensed, assigned, or otherwise transferred the right to reproduce, manufacture, display, distribute, or sell jewelry which Ronaldo contends infringes upon

Ronaldo's copyrights, trademarks, and trade dress.

Ronaldo makes its motion on grounds that immediate and irreparable injury, loss, or damage will result to Ronaldo if Prinzo, or those with whom Prinzo is in concert or privity, are permitted to copy, reproduce, manufacture, import, market, display, promote, distribute, license, and sell the Infringing Works. Ronaldo also makes its motion on grounds that immediate and irreparable injury will result to Ronaldo if an injunction is not granted.

Ronaldo's Verified Complaint seeks relief from copyright infringement, trademark infringement, trade dress infringement, unfair competition, and false advertising.  The Complaint also seeks a permanent injunction restraining Prinzo from infringing Ronaldo's Catalogs and Designs, Works, Trade Dress, and trademark; from manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling, or otherwise placing on the market the Infringing Works; and from using such Catalogs and Designs, Works, Trade Dress, and trademark without authorization. Complaint, p. 6.

In response to the Motion for Preliminary Injunction, Prinzo states that "[s]ome of the pieces I make may be similar to Ronaldo's but they are not identical."  Response, p. 2.  In rebuttal, Ronaldo states: "Plaintiff does not seek to prevent Defendant from making wire jewelry.  Plaintiff simply seeks an

injunction preventing Defendant from copying Plaintiff's copyrighted designs and trade dress. The Defendant should in no way be restricted from making his own original wire jewelry designs." Plaintiff's Reply, p. 1.

The decision whether to grant a preliminary injunction is within the discretion of the district court. Allied Mktg. Group, Inc. v. CDL Mktg., Inc., 878 F.2d 806, 809 (5th Cir. 1989). "[A] preliminary injunction is [meant] to preserve the status quo and thus prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits." Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp., 441 F.2d 560, 560 (5th Cir.1971)(per curiam)(citations omitted).

"[A movant] seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." Nichols v. Alcatel USA, Inc., 532 F.3d 364, 372 (5th Cir.2008) (citing Planned Parenthood of Houston & S.E. Tex. v. Sanchez, 403 F.3d 324, 329 (5th Cir.2005)). Because a preliminary injunction is an "extraordinary remedy," the movant must "clearly carr[y] the burden as to all four elements." Guy Carpenter & Co., Inc. v. Provenzale, 334 F.3d 459, 464 (5th Cir.2003)(citing Kern River Gas

Transmission Co. v. Coastal Corp., 899 F.2d 1458, 1462 (5th Cir.
1990)).

Intellectual property law looks more favorably upon this form
of injunctive relief than do other areas of law.  Courts recognize
the social and commercial importance of protecting the intangible
rights inhering in a copyrighted work, and have noted that "the
public  interest  can  only  be  served  by  upholding  copyright
protections."  See, e.g., Apple Computer, Inc. v. Franklin Computer
Corp., 714 F.2d 1240, 1255 (3rd Cir. 1983), cert. denied 464 U.S.
1033 (1984).

Ronaldo shows that its copyright, trademark, and trade dress
infringement case has a high probability of success on the merits.
Ronaldo and its predecessor-in-interest, Gold Craft Fashions, Inc.
("Gold Star"), have sold millions of items to jewelry stores and
major retailers, generating millions of dollars in annual revenue
in thirty-five states and five countries.  Plaintiff's Memorandum,
p. 1 (docket entry 32).  Prinzo, as a former employee of Gold
Craft, learned to make company-owned-and-designed jewelry and also
served as a dealer of Gold Craft's products.  Id.  In 1994, Gold
Craft  and  Prinzo  terminated  their  relationship.   The  parties
entered into a Mutual Release Agreement which does not grant Prinzo
any right to sell or license intellectual property rights including
any copyright or other rights to reproduce, sell or license jewelry
design works, Trade Dress, or catalogs owned by Ronaldo and/or Gold

4

Craft.  Id., p. 2.  Ronaldo also asserts that it has learned that

Prinzo is selling unauthorized copies of Ronaldo's Works, and is

misrepresenting to jewelry retailers and other potential customers

that he has the right to sell jewelry items depicted in Ronaldo's

catalogs.  Id.

Ronaldo shows that it will suffer irreparable business injury

if its customers are confused into buying Prinzo's products

believing they are genuine Ronaldo Collection designs.  Ronaldo

also shows that it will be irreparably harmed if its customers can

go to Prinzo (or any of the retail outlets to which Prinzo sells)

and purchase imitations of Ronaldo's products at prices lower than

the prices Ronaldo's customers pay for the real Works.[1]  Id., p.

---

[1] An illustrated comparison of Prinzo's products with those
of Ronaldo, and other facts in support of Ronaldo's claims of
copyright infringement, trademark infringement, and trade dress
infringement are set forth in detail on pages 6 through 17 of
Ronaldo's Memorandum (docket entry 32).  In addition, Ronaldo has
furnished the Court with the following appendices which will be
attached to the Preliminary Injunction and incorporated by
reference: Appendix 1 (materials that infringe upon Plaintiff's
copyrights, Trade Dress, and "THE POWER OF PRAYER" BRACELET
trademark (collectively the "Infringing Works")); Appendix 2
(copies of the Infringing Works); Appendix 3 (other jewelry or
product substantially or confusingly similar to Ronaldo's Works,
including without limitation "The Power of Prayer Bracelet," "The
Tranquility Bracelet," "Stackable Bracelet," "THE "LOVE KNOT,"
"The Angelina Bracelet," "The Spring Time Bracelet," "I Love
You," "TRC-S297 Birthstone Bracelet," "Forever Fellowship
Bracelet," and the "Pearl of My Heart" Works); and Appendix 4
(materials using, incorporating, or containing Plaintiff's "THE
POWER OF PRAYER" BRACELET® trademark or any mark or term similar
thereto, or substantially similar to Plaintiff's copyrighted
catalogs or website, including without limitation "Gold Craft
Associates Dealer Handbook," "Gold Craft Fashions," and "Gold
Craft Associates Fall Catalog 2000").

17.   The threatened injury to Ronaldo therefore outweighs any damage that the injunction might cause Prinzo, and the injunction will not disserve the public interest.

Finally, Ronaldo asserts that the equities in this case favor a small bond requirement.   Although the Federal Rules of Civil Procedure make the posting of security a prerequisite to granting the relief Ronaldo seeks, the Court has discretion to require whatever amount best serves the interests of justice.  Fed.R.Civ.P. 65(c).  The Court finds that any harm Prinzo may suffer due to the issuance of a preliminary injunction is limited, and results solely from Prinzo's decision to continue to sell copies of Ronaldo's Works.    Ronaldo  has  made  a  <u>prima</u>  <u>facie</u>  case  of  copyright infringement, trademark infringement, and trade dress infringement, and is likely to succeed on the merits, having shown ownership, access, similarity, and likelihood of confusion.   Ronaldo also stands to suffer irreparable harm if an injunction does not issue. The Court finds that a bond in the amount of One Thousand Dollars ($1,000) will be sufficient security for the payment of any costs and damages that may be incurred or suffered in the event that Prinzo  shall  be  found  to  have  been  wrongfully  enjoined  or restrained.   See <u>Registral.com, LLC v. Fisher Controls Intern., Inc.</u>, 2001 WL 34109376, *10 (S.D. Tex. June 28, 2001)(setting $1,000 bond in trademark infringement case).

In light of the foregoing, the Court finds that a Preliminary

Injunction should issue and bond set accordingly.

IT IS HEREBY ORDERED that the plaintiff Ronaldo Designer Jewelry, Inc.'s Motion for Preliminary Injunction **(docket entry 31)** is GRANTED.  A separate Preliminary Injunction shall be entered of even date herewith.

SO ORDERED, this the 19th day of September, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE