**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**RONALDO DESIGNER JEWELRY, INC.**                                   **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 5:14-cv-73-DCB-MTP**

**PHILLIP PRINZO**                                                 **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Discovery Sanctions for Failure to Comply with Court Order [83] and Motion to Hold Defendant in Contempt for Failure to Comply with Order Entered August 26, 2016 [85].  Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends as follows:

In general terms, this action involves claims of copyright and trademark infringement. Plaintiff Ronaldo Designer Jewelry, Inc. ("Ronaldo") claims that Defendant Phillip Prinzo ("Prinzo") is making and selling jewelry that infringes upon its designs or trademarks.  Prinzo denies these allegations.[1]

From the outset, management of this case has been difficult.  Prinzo, who is unrepresented,[2] has generally disregarded court rules and orders throughout the case.  For example, after the initial case management conference, the Court ordered Prinzo to file an amended answer by January 5, 2015. *See* Order [13].  He did not do so.  Thereafter, the Court entered an Order to Show Cause [18] and directed Prinzo to respond.  He did not do so.  As a

---

[1] On September 19, 2016, the District Judge entered a Preliminary Injunction [79], enjoining Plaintiff from making and selling jewelry that infringes upon Ronaldo's designs or trademarks.

[2] As Prinzo is proceeding without an attorney, the undersigned explained the importance of the rules and deadlines to him at the case management conference and included special notices in that regard in the Case Management Order [40] at paragraph 5.

result, Prinzo's answer was struck and the clerk of court entered default against him.  The default was later vacated in order that the merits of this case might be addressed. *See* Entry of Default [25]; Order [35].

Prinzo has also obstructed the discovery process.  Pursuant to the Case Management Order [40] entered on March 30, 2016, the parties were required to complete pre-discovery disclosures on or before April 13, 2016.  Prinzo did not provide these disclosures.  On May 2, 2016, Ronaldo served its first set of interrogatories, first set of requests for production of documents, and first set of request for admissions upon Plaintiff. *See* Notice [44].  Prinzo failed to provide any responses to Ronaldo's discovery requests.

On July 1, 2016, Ronaldo filed a Motion to Compel [54], requesting an order compelling Prinzo to produce his pre-discovery disclosures and respond to its discovery requests.  That same day, Ronaldo filed a Motion to Deem Admitted [56], requesting that the Court deem each of its request for admission admitted pursuant to Fed. R. Civ. P. 36(a)(3).  On July 5, 2016, the Court ordered Prinzo to file responses to the Motion to Compel and Motion to Deem Admitted.  Prinzo did not respond as ordered.

On July 26, 2016, the Court granted Ronaldo's Motion to Compel and ordered Prinzo to produce his pre-discovery disclosures and respond to Ronaldo's interrogatories and requests for production without objection. *See* Order [71].  The Court, however, denied the Motion to Deem Admitted and afforded Prinzo a final opportunity to respond to the requests for admissions. *Id*. Additionally, the Court declined to impose sanctions, but warned Prinzo that his failure to comply with the Order could result in the Court imposing sanctions. *Id*.

Despite this warning, Prinzo failed to produce his pre-discovery disclosures, respond to the interrogatories and requests for production, or respond to the requests for admissions.  On

September 2, 2016, Ronaldo filed its renewed Motion to Deem Admitted [76].  Prinzo did not respond to the Motion [76].  The Court granted the Motion [76] and held that each request in Ronaldo's first set of requests for admissions is deemed admitted by default. *See* Order [80].

On October 21, 2016, Ronaldo filed its Motion for Discovery Sanctions for Failure to Comply with Court Order [83], pointing out that Prinzo failed to produce his pre-discovery disclosures or respond to Ronaldo's discovery requests as ordered by the Court.  Ronaldo argues that the Court should impose discovery sanctions against Prinzo pursuant to Fed. R. Civ. P. 37(b).

Prinzo has frustrated the progression of this case in other ways as well.  During the second case management conference held on March 30, 2016, the Court set a settlement conference for June 9, 2016. *See* Case Management Order [40].  On June 7, 2016, the deputy clerk called Prinzo to remind him of the conference and to request that he submit a settlement memorandum.  Though the settlement conference was set at a time and place selected to minimize any inconvenience to Prinzo[3] and he had been reminded of the conference, he nevertheless failed to appear.  Thereafter, the Court entered an Order [51] directing Prinzo to appear in Court on August 2, 2016, and show cause why he should not be sanctioned for failing to appear at the settlement conference.

A few weeks after the cancelled settlement conference, Ronaldo noticed Prinzo's deposition.  The deposition notice requested that Prinzo provide certain records, but Prinzo appeared at the deposition without the records.  Additionally, about two hours into the

---

[3] As Prinzo resides in the Ft. Walton Beach, Florida area, the Court set the settlement conference for the Hattiesburg courthouse rather than the Natchez courthouse (Western Division) where this case is pending.

deposition, he abruptly left the deposition before its conclusion.  Ronaldo promptly reset the remainder of the deposition for the next day, but Prinzo did not appear.

That same day, Prinzo's girlfriend, Janice Bintrim, appeared for her deposition.  She, too, was to bring certain records with her.  However, she did not do so, claiming that Prinzo instructed her not to bring them.  Thereafter, Ronaldo filed a Motion for Sanctions [67], seeking sanctions as a result of Prinzo leaving the deposition, failing to appear the next day to continue the deposition, and instructing Bintrin to ignore the document request served with the deposition subpoena.  The Court set a hearing on the Motion [67] for August 2, 2016, the same day as the show cause hearing. *See* Order [69].

Following the August 2, 2016, hearing, the Court entered an Order [74], stating:

> The Court finds that Prinzo left his deposition without good cause or substantial justification, did not attend his deposition when it was re-noticed, wrongfully instructed Bintrin not to comply with a deposition subpoena, and has generally obstructed the discovery process.  Likewise, the Court finds no good cause or substantial justification for Prinzo's failure to appear for the settlement conference. The Court is not aware of any circumstances that would make an award of fees and expenses unjust.  To the contrary, to allow Prinzo to multiply the costs and expenses for Ronaldo with his pattern of obstructive behavior would be unjust.

*See* Order [74] at 5-6.

Ronaldo sought $27,809.26 in sanctions against Prinzo.  The Court, however, sanctioned Prinzo in the amount of $1,447.31 for his failure to attend the settlement conference and declined to impose monetary sanctions for his actions regarding the depositions. *Id*. at 6-7.  Instead, the Court ordered Prinzo to appear at the offices of Ronaldo's counsel for the continuation of his deposition and ordered him to produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1]. *Id*. at 7-8.  The Court also stated:

> The Court will not impose additional sanctions at this time.  However, if Prinzo continues to ignore the orders of this Court or further obstruct the discovery

> process, the Court will revisit the issue of additional sanctions.  These additional
> sanctions could include entry of default judgment. *See* Fed. R. Civ. P. 37(b).

*Id*.

Thereafter, Ronaldo noticed Prinzo's deposition for September 21, 2016. *See* Notice [77]. Prinzo failed to appear for the continuation of his deposition, failed to produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1], and failed to pay to Ronaldo the sum of $1,447.31 in sanctions.  On October 21, 2016, Ronaldo filed its Motion to Hold Defendant in Contempt for Failure to Comply with Order Entered August 26, 2016 [85]. Ronaldo argues that the Court should hold Prinzo in contempt pursuant to Fed. R. Civ. P. 37(b). Thus, pending before the Court are motions requesting the Court to sanction Prinzo and hold him in contempt for his failure to comply with the Court's Orders [71] [74]. *See* Motions [83] [85].

On October 31, 2016, the Court received a letter from Prinzo which the Court will consider as a response to Ronaldo's Motions [83] [85]. *See* Letter [88].  The letter discusses, *inter alia*, Prinzo's medical bills and his positions on the merits of this case.  Attached to the letter are several documents.  Prinzo explains that these documents include (1) a Mutual Release Agreement signed by Plaintiff and Gold Craft Fashions, Inc. in 1994; (2) webpages showing wire jewelry made and marketed by companies and individuals unaffiliated with Ronaldo; (3) photographs of books and websites which provide instruction on how to make wire jewelry; and (4) a letter from Ronaldo to an individual with whom Prinzo has conducted business. *Id*. at 4-33.

In the letter, Prinzo states that "I have given here and my previous letters all the discovery there is." *Id*. at 3.  Prinzo, however, contradicts this statement elsewhere in the letter when he states, "I can't give my records with customers [sic] names to Ronaldo.  He has ruined my life with this EXTORTION.  I couldn't bear to help him hurt any other innocent small business jewelry stores." *Id*. at 2.  Additionally, the deposition of Prinzo's girlfriend, Bintrim,

5

contradicts Prinzo's statement that he has provided all relevant discovery.  Bintrim testified that she keeps three or four years of Prinzo's business records, including invoices.  *See* Bintrim Deposition [89-2].

Prinzo has clearly failed to comply with multiple orders of this Court.  This Court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of sanctions is a matter of discretion for the district court.").  Federal Rule of Civil Procedure 37(b) allows for sanctions when a party fails to obey a discovery order.  Pursuant to Rule 37(b), the sanctions may include directing that facts be taken as established, prohibiting the party from supporting or opposing claims or defenses, striking pleadings, staying the proceedings until the order is obeyed, dismissing the action, rendering a default judgment, or finding the party in contempt of court.

In both of its Motions [83] [85], Ronaldo requests, *inter alia*, that the Court enter a default judgment against Prinzo.  Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997).  "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).  The United States Court of Appeals for the Fifth Circuit has held that Rule 37 "provides that a default judgment may be entered if a party fails to comply with a court order to provide or to permit discovery." *United States v. Dajj Ranch*, 988 F.2d 1211, 1993 WL 82260, at *2 (5th Cir. Mar. 17, 1993).

6

A court may enter a default judgment as a discovery sanction if the following two criteria are met: (1) the party's discovery violation was willful and (2) a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Courts may also consider whether the discovery violation prejudiced the opposing party's trial preparation. *Id*.[4] As a result of Prinzo's failure to participate in the discovery process, the Court ordered Prinzo to produce his pre-discovery disclosures and respond to Ronaldo's first sets of interrogatories, requests for production of documents, and requests for admissions. *See* Order [71]. He willfully chose not to comply with the Court's Order [71]. Additionally, as a result of Prinzo's actions at his deposition and his failure to appear at the settlement conference, the Court ordered him to appear for the continuation of his deposition, produce the records identified in the notice to take deposition, and to pay Ronaldo the sum of $1,447.31 in sanctions. *See* Order [74]. He willfully chose not to comply with the Court's Order [74].

Even after Ronaldo filed its Motions [83] [85] seeking to have the Court hold Prinzo in contempt and enter a default judgment against him, Prinzo chose not to comply with the Court's Orders [71] [74]. In fact, in his letter to the Court, he specifically states that he would not produce certain documents because he "couldn't bear to help [Ronaldo] hurt any other innocent small business jewelry stores." *See* Letter [88] at 2. Prinzo's dilatory actions, obstructive behavior, and disregard of his responsibilities constitutes bad faith.

Moreover, it is clear that less drastic sanctions have no deterrent effect on Prinzo. In Order [71], the Court compelled Prinzo to produce certain information but declined to impose

---

[4] Courts may also consider whether the violation was attributable to an attorney rather than a client. Prinzo, however, is proceeding in this action without counsel; thus, he may not shift the blame for his failures to counsel.

sanctions.  Instead, the Court warned him that his failure to comply with the Order [71] could result in sanctions.  Despite this warning, Prinzo failed to comply with the Order [71].  In Order [74], the Court ordered Prinzo to take certain actions and imposed monetary sanctions on him.  Furthermore, the Court warned Prinzo that if he continued to defy the orders, the Court may impose additional sanctions, including entry of default judgment.  Despite this warning, Prinzo failed to pay the monetary sanction or otherwise comply with the Order [74].  Prinzo has demonstrated that less drastic sanctions would not achieve a deterrent effect.

The undersigned finds that Ronaldo's ability to prepare for the trial of this matter has been substantially prejudiced.  Specifically, Prinzo's actions have left Ronaldo with no avenue to develop its claim for damages.  Prinzo will not produce his business records and refuses to reveal the names of his customers from whom Ronaldo could seek information regarding Prinzo's sales.  Additionally, this action was filed more than two years ago, and Prinzo has yet to provide pre-discovery disclosure, provide complete discovery responses, or complete his deposition.  Prinzo has not given the Court any reason to believe he will fully comply with the Court's orders from this point forward.  On November 14, 2016, the Court suspended the discovery and motions deadlines, pending the Court's rulings on the instant Motions [83] [85].

### CONCLUSION AND RECOMMENDATION

Although judgment by default is rarely an appropriate penalty, Prinzo's deliberate, repeated refusals to comply with this Court's orders justifies such a sanction in this case.  The undersigned, however, recommends that the Court afford Prinzo one final opportunity to fully comply with the orders of the Court prior to entering the default judgment.  Specifically, the undersigned recommends the following:

1. That Plaintiff's Motion for Discovery Sanctions for Failure to Comply with Court Order [83] be GRANTED in part and DENIED in part as set forth below;

2. That Plaintiff's Motion to Hold Defendant in Contempt for Failure to Comply with Order Entered August 26, 2016 [85] be GRANTED in part and DENIED in part as set forth below;

3. That Prinzo be ordered to fully comply with the Court's Order [71] within ten (10) days (this includes requiring Prinzo to produce his pre-discovery disclosures and respond to Ronaldo's first set of interrogatories and requests for production of documents *without objection*);

4. That Prinzo be ordered to fully comply with the Court's Order [74] within ten (10) days (this includes requiring Prinzo to pay to Ronaldo, through counsel, the sum of $1,447.31 in sanctions, produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1], and appear in Jackson, Mississippi, at the offices of Krebs Farley, PLLC, for the continuation of his deposition);

5. If Prinzo fails to fully and timely comply with the Court's Orders [71] [74], that default judgment be entered against Prinzo and a hearing scheduled to determine damages;

6. If default judgment is entered and a damages hearing is scheduled, that Prinzo be ordered to appear at the hearing and produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1]; and

7. If Prinzo fails to appear at the damages hearing or produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1], that Prinzo be held in contempt of court until such time as he purges himself of contempt.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 22nd day of November, 2016.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE