IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


RONALDO DESIGNER JEWELRY, INC.                          PLAINTIFF

VS.                              CIVIL ACTION NO. 5:14-cv-73(DCB)(MTP)

PHILLIP PRINZO                                          DEFENDANT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause is before the Court on the plaintiff's Motion for
Discovery Sanctions for Failure to Comply with Court Order **(docket
entry 83)**, on the plaintiff's Motion to Hold Defendant in Contempt
for Failure to Comply with Order Entered August 26, 2016 **(docket
entry 85)**, and on the Report and Recommendation ("R&R") of
Magistrate Judge Michael T. Parker **(docket entry 90)**.  Having
considered the plaintiff's submissions and the R&R (to which no
responses or objections have been filed by the defendant), and
having considered the applicable law, the Court finds as follows:

This action involves claims of copyright and trademark
infringement.  Plaintiff Ronaldo Designer Jewelry, Inc. ("Ronaldo")
claims that defendant Phillip Prinzo ("Prinzo") is making and
selling jewelry that infringes upon its designs or trademarks.
Prinzo denies these allegations.  On September 19, 2016, the Court
entered a Preliminary Injunction enjoining Prinzo from making and
selling jewelry that infringes upon Ronaldo's designs and/or
trademarks.  Docket Entry 79.

Magistrate Judge Parker's R&R recites that Prinzo, who is

proceeding <u>pro</u> <u>se</u>, has repeatedly ignored court rules and orders throughout this case, and has intentionally obstructed the discovery process. Magistrate Judge Parker warned Prinzo that his failure to respond to Ronaldo's discovery requests could result in the Court imposing sanctions. <u>See</u> Order Granting Motion to Compel (Docket Entry 71). Despite the warning, Prinzo has failed to produce his pre-discovery disclosures, respond to the interrogatories and requests for production, or respond to the requests for admissions.

On September 2, 2016, Ronaldo filed its renewed Motion to Deem Admitted (Docket Entry 76). Prinzo did not respond to the Motion. Magistrate Judge Parker granted the Motion on October 3, 2016, and held that each request in Ronaldo's first set of requests for admissions is deemed admitted by default.

On October 21, 2016, Ronaldo filed its Motion for Discovery Sanctions for Failure to Comply with Court Order, pointing out that Prinzo failed to produce his pre-discovery disclosures or respond to Ronaldo's discovery requests as ordered by the Court. Ronaldo argues that the Court should impose discovery sanctions against Prinzo pursuant to Fed. R. Civ. P. 37(b).

Magistrate Judge Parker recites that Prinzo has frustrated the progression of this case in other ways as well. During the second case management conference held on March 30, 2016, the Court set a settlement conference for June 9, 2016. On June 7, 2016,

Magistrate Judge Parker's deputy clerk called Prinzo to remind him of the conference and to request that he submit a settlement memorandum. Although the settlement conference was set at a time and place selected to minimize any inconvenience to Prinzo, and although Prinzo had been reminded of the conference, he nevertheless failed to appear. Thereafter, Magistrate Judge Parker entered an Order directing Prinzo to appear in Court on August 2, 2016, and show cause why he should not be sanctioned for failing to appear at the settlement conference.

A few weeks after the cancelled settlement conference, Ronaldo noticed Prinzo's deposition. The deposition notice requested that Prinzo provide certain records, but Prinzo appeared at the deposition without the records. Also, some two hours into the deposition and before its conclusion, Prinzo abruptly left the deposition. Ronaldo's attorney promptly reset the remainder of the deposition for the next day, but Prinzo did not appear. That same day, Prinzo's girlfriend, Janice Bintrim, appeared for her deposition. She, too, was to bring certain records with her. However, she did not do so, claiming that Prinzo instructed her not to bring them. Thereafter, Ronaldo filed a Motion for Sanctions as a result of Prinzo leaving the deposition, failing to appear the next day to continue the deposition, and instructing Bintrim to ignore the document request served with the deposition subpoena. Magistrate Judge Parker set a hearing on the motion for August 2,

2016, the same day as the show cause hearing.

Following the August 2, 2016, hearing, Magistrate Judge Parker entered an Order stating:

> The Court finds that Prinzo left his deposition without good cause or substantial justification, did not attend his deposition when it was re-noticed, wrongfully instructed Bintrim not to comply with a deposition subpoena, and has generally obstructed the discovery process.   Likewise, the Court finds no good cause or substantial justification for Prinzo's failure to appear for the settlement conference.  The Court is not aware of any circumstances that would make an award of fees and expenses unjust.  To the contrary, to allow Prinzo to multiply the costs and expenses for Ronaldo with his pattern of obstructive behavior would be unjust.

Docket Entry 74, pp. 5-6.

Ronaldo sought $27,809.26 in sanctions against Prinzo. Magistrate Judge Parker, however, sanctioned Prinzo in the amount of $1,447.31 for his failure to attend the settlement conference and declined to impose monetary sanctions for his actions regarding the depositions.  Instead, he ordered Prinzo to appear at the offices of Ronaldo's counsel for the continuation of his deposition, and ordered him to produce the records identified in Exhibit A to the Amended Notice to Take Deposition.  Magistrate Judge Parker's Order also stated:

> The Court will not impose additional sanctions at this time.  However, if Prinzo continues to ignore the orders of this Court or further obstruct the discovery process, the Court will revisit the issue of additional sanctions.  These additional sanctions could include entry of default judgment.  See Fed.R.Civ.P. 37(b).

Id., pp. 7-8.

Thereafter, Ronaldo noticed Prinzo's deposition for September 21, 2016. Prinzo failed to appear for the continuation of his deposition, failed to produce the records identified in Exhibit A to the Amended Notice to Take Deposition, and failed to pay to Ronaldo the sum of $1,447.31 in sanctions. On October 21, 2016, Ronaldo filed its Motion to Hold Defendant in Contempt for Failure to Comply with Magistrate Judge Parker's Order at Docket Entry 74.

Ronaldo argues that the Court should hold Prinzo in contempt pursuant to Fed. R. Civ. P. 37(b). Thus, pending before the Court are motions requesting the Court to sanction Prinzo and hold him in contempt for his failure to comply with Magistrate Judge Parker's Orders at Docket Entries 71 and 74. See Plaintiff's Motions at Docket Entries 83 and 85.

Magistrate Judge Parker received a letter from Prinzo on October 31, 2016 (Docket Entry 88), which in his R&R he treats as a response to Ronaldo's motions (Docket Entries 83 and 85). The letter discusses, inter alia, Prinzo's medical bills and his positions on the merits of this case. Attached to the letter are several documents. Prinzo explains that these documents include (1) a Mutual Release Agreement signed by Plaintiff and Gold Craft Fashions, Inc. in 1994; (2) webpages showing wire jewelry made and marketed by companies and individuals unaffiliated with Ronaldo; (3) photographs of books and websites which provide instruction on how to make wire jewelry; and (4) a letter from Ronaldo to an

individual with whom Prinzo has conducted business.  Docket Entry
88, pp. 4-33.  In the letter, Prinzo states that "I have given here
and my previous letters all the discovery there is."  Id., p. 3.
Prinzo, however, contradicts this statement elsewhere in the letter
when he states, "I can't give my records with customers [sic] names
to Ronaldo.  He has ruined my life with this EXTORTION.  I couldn't
bear to help him hurt any other innocent small business jewelry
stores."  Id., p. 2.  Additionally, the deposition of Prinzo's
girlfriend, Bintrim, contradicts Prinzo's statement that he has
provided all relevant discovery.  Bintrim testified that she keeps
three or four years of Prinzo's business records, including
invoices.  See Bintrim Deposition (Docket Entry 89, Exhibit 2).

Prinzo has clearly failed to comply with multiple orders of
the Court.  The Court has broad discretion to exercise its various
sanctioning powers.  Topalian v. Ehrman, 3 F.3d 931, 934 (5th Cir.
1993); Shipes v. Trinity Indus., 987 F.2d 311, 323 (5th Cir. 1993)
("The imposition of sanctions is a matter of discretion for the
district court.").  Federal Rule of Civil Procedure 37(b) allows
for sanctions when a party fails to obey a discovery order.
Pursuant to Rule 37(b), the sanctions may include directing that
facts be taken as established, prohibiting the party from
supporting or opposing claims or defenses, striking pleadings,
staying the proceedings until the order is obeyed, dismissing the
action, rendering a default judgment, or finding the party in

contempt of court.

In both of its Motions (Docket Entries 83 and 85), Ronaldo requests, <u>inter alia</u>, that the Court enter a default judgment against Prinzo.  Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue.  <u>Carroll v. Jaques Admiralty Law Firm, P.C.</u>, 110 F.3d 290, 294 (5th Cir. 1997).  "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."  <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 763-64 (1980).  The Fifth Circuit Court of Appeals has held that Rule 37 "provides that a default judgment may be entered if a party fails to comply with a court order to provide or to permit discovery."  <u>United States v. Dajj Ranch</u>, 988 F.2d 1211, 1993 WL 82260, at *2 (5th Cir. Mar. 17, 1993)(unpublished).

A court may enter a default judgment as a discovery sanction if the following criteria are met: (1) the party's discovery violation was willful and (2) a lesser sanction would not substantially achieve the desired deterrent effect.  <u>United States v. $49,000 Currency</u>, 330 F.3d 371, 376 (5th Cir. 2003).  Courts may also consider whether the discovery violation prejudiced the opposing party's trial preparation.  <u>Id</u>.

As a result of Prinzo's failure to participate in the

discovery process, Magistrate Judge Parker ordered Prinzo to produce his pre-discovery disclosures and respond to Ronaldo's first sets of interrogatories, requests for production of documents, and requests for admissions. Docket Entry 71. Prinzo willfully chose not to comply with the Magistrate Judge's Order. In addition, as a result of Prinzo's actions at his deposition and his failure to appear at the settlement conference, the Magistrate Judge ordered him to appear for the continuation of his deposition, produce the records identified in the notice to take deposition, and pay Ronaldo the sum of $1,447.31 in sanctions. Docket Entry 74. Prinzo willfully chose not to comply with the Court's Order. Id.

After Ronaldo filed its Motions (Docket Entries 83 and 85) seeking to have the Court hold Prinzo in contempt and enter a default judgment against him, Prinzo still chose not to comply with the Court's Orders (Docket Entries 71 and 74). In fact, in his letter to Magistrate Judge Parker, Prinzo specifically stated that he would not produce certain documents because he "couldn't bear to help [Ronaldo] hurt any other innocent small business jewelry stores." Docket Entry 88, p. 2. Prinzo's dilatory actions, obstructive behavior, and disregard of his responsibilities constitute bad faith.

In addition, Magistrate Judge Parker finds that less drastic sanctions would clearly have no deterrent effect on Prinzo. In his

8

Order of July 26, 2016 (Docket Entry 71), Magistrate Judge Parker
compelled Prinzo to produce certain information but declined to
impose sanctions.  Instead, he warned Prinzo that his failure to
comply with the Order could result in sanctions.  Despite this
warning, Prinzo failed to comply with the Order.  Consequently,
Magistrate Judge Parker entered his Order of August 26, 2016
(Docket Entry 74), ordering Prinzo to take certain actions,
imposing monetary sanctions against him, and warning him that if he
continued to defy the orders, the Court may impose additional
sanctions, including entry of default judgment.  Despite this
warning, Prinzo failed to pay the monetary sanction or otherwise
comply with the Order.

     Prinzo has therefore demonstrated that less drastic sanctions
would not achieve a deterrent effect.  Magistrate Judge Parker
finds that Ronaldo's ability to prepare for the trial of this
matter has been substantially prejudiced.  Specifically, Prinzo's
actions have left Ronaldo with no avenue to develop its claim for
damages.  Prinzo will not produce his business records and refuses
to reveal the names of his customers from whom Ronaldo could seek
information regarding Prinzo's sales.  Additionally, this action
was filed more than two years ago, and Prinzo has yet to provide
prediscovery disclosure, furnish complete discovery responses, or
complete his deposition.  Prinzo has not given the Court any reason
to believe he will fully comply with the Court's orders in the

future.   On November 14, 2016, Magistrate Judge Parker suspended the discovery and motions deadlines, pending the Court's rulings on the instant Motions (Docket Entries 83 and 85).

In the Conclusion of his R&R, Magistrate Judge Parker finds that although judgment by default is rarely an appropriate penalty, Prinzo's deliberate, repeated refusals to comply with Court Orders justify such a sanction in this case.   However, he also recommends affording Prinzo one final opportunity to fully comply with the Court Orders prior to entering a default judgment.   Specifically, he recommends the following:

(1).   That Plaintiff's Motion for Discovery Sanctions for Failure to Comply with Court Order [83] be GRANTED in part and DENIED in part as set forth below;

(2).   That Plaintiff's Motion to Hold Defendant in Contempt for Failure to Comply with Order Entered August 26, 2016 [85] be GRANTED in part and DENIED in part as set forth below;

(3).   That Prinzo be ordered to fully comply with the Court's Order [71] within ten (10) days (this includes requiring Prinzo to produce his pre-discovery disclosures and respond to Ronaldo's first set of interrogatories and requests for production of documents without objection);

(4).   That Prinzo be ordered to fully comply with the Court's Order [74] within ten (10) days (this includes requiring Prinzo to pay to Ronaldo, through counsel, the sum of $1,447.31 in sanctions,

produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1], and appear in Jackson, Mississippi, at the offices of Krebs Farley, PLLC, for the continuation of his deposition);

(5).  If Prinzo fails to fully and timely comply with the Court's Orders [71][74], that default judgment be entered against Prinzo and a hearing scheduled to determine damages;

(6).  If default judgment is entered and a damages hearing is scheduled, that Prinzo be ordered to appear at the hearing and produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1]; and

(7).  If Prinzo fails to appear at the damages hearing or produce the records identified in Exhibit A to the Amended Notice to Take Deposition [46-1], that Prinzo be held in contempt of court until such time as he purges himself of contempt.

Upon careful consideration of Magistrate Judge Parker's Report and Recommendation,

IT IS HEREBY ORDERED that the Court ADOPTS Magistrate Judge Parker's Report and Recommendation **(docket entry 90)** as the findings and conclusions of this Court;

FURTHER ORDERED that the plaintiff's Motion for Discovery Sanctions for Failure to Comply with Court Order **(docket entry 83)** is GRANTED in part and DENIED in part as set forth below;

FURTHER ORDERED that the plaintiff's Motion to Hold Defendant

11

in Contempt for Failure to Comply with Order Entered August 26, 2016 **(docket entry 85)** is GRANTED in part and DENIED in part as set forth below;

FURTHER ORDERED that Prinzo fully comply with the Order of July 26, 2016 (docket entry 71) within ten (10) days from the date of entry of this ORDER (this includes producing his pre-discovery disclosures and responding to Ronaldo's first set of interrogatories and requests for production of documents <u>without objection</u>;

FURTHER ORDERED that Prinzo fully comply with the Order of August 26, 2016 (docket entry 74) within ten (10) days from the date of entry of this ORDER (this includes paying to Ronaldo, through counsel, the sum of $1,447.31 in sanctions, and producing the records identified in Exhibit A to the Amended Notice to Take Deposition (docket entry 46-1);

FURTHER ORDERED that Prinzo appear in Jackson, Mississippi, at the offices of Krebs Farley, PLLC, for the continuation of his deposition, at such date and time reasonably agreed upon.

The Court further warns Prinzo that should he fail to fully and timely comply with the Court's Orders of July 26, 2016 (docket entry 71) and August 26, 2016 (docket entry 74) within ten (10) days from the date of entry of this ORDER, a default judgment shall be entered against him and a hearing shall be scheduled to determine damages.  If a default judgment is entered and a damages

12

hearing is scheduled, Prinzo shall be ordered to appear at the hearing and produce the records identified in Exhibit A to the Amended Notice to Take Deposition (docket entry 46-1).  If Prinzo fails to appear at the damages hearing or fails to produce the records identified in said Exhibit A, he shall be held in contempt of court until such time as he purges himself of contempt.

SO ORDERED, this the 20th day of December, 2016.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE