IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


RONALDO DESIGNER JEWELRY, INC.                          PLAINTIFF

v.                               CIVIL ACTION NO. 5:14-cv-73-DCB-MTP

PHILLIP PRINZO                                          DEFENDANT


MEMORANDUM OPINION AND ORDER

This cause comes before the Court on the plaintiff Ronaldo Designer Jewelry, Inc. ("Ronaldo")'s Motion for Additional Sanctions Against the defendant Phillip Prinzo ("Prinzo") **(docket entry 110)**, filed January 22, 2018. The pro se defendant has not responded to the Motion.

The Court previously found Prinzo in contempt of Court, and imposed sanctions against him. Ronaldo alleged that "monetary sanctions and all other sanctions are insufficient," in this case, and asked the Court to enter more stringent sanctions against Prinzo, up to and including incarceration, until he purges himself of contempt.

The Court required Prinzo to show cause, if any, for his failure to respond, and to show why sanctions, including incarceration, should not be imposed against him. Prinzo was further warned that failure to respond to the Court's Order could result in additional sanctions against him, as requested by the plaintiff.

Prinzo was previously sanctioned in the amount of $1,447.31

for his failure to attend the settlement conference and was ordered to appear for his continued deposition, respond to discovery requests, and produce the records identified in Exhibit A to the Amended Notice to Take Deposition (docket entry 46-1). Prinzo has continuously failed to pay to Ronaldo the sum of $1,447.31 in sanctions. Prinzo has also failed to otherwise comply, and has yet to produce the records identified in Exhibit A to the Amended Notice to Take Deposition (docket entry 46-1) as ordered in prior Orders (docket entries 74 and 93) and this Court's Judgment and Order (docket entry 109). Prinzo has not only ignored court orders since the inception of this case, but has also ignored sanctions imposed by the Court thus far, clearly demonstrating that monetary and other sanctions are not sufficient and do not have a deterrent effect. Since Prinzo has shown that such monetary and other sanctions are insufficient, Ronaldo has asked the Court to enter additional, more stringent sanctions, such as incarceration, until he purges himself of contempt.

In its Judgment and Order (docket entry 109), the Court expressly reserved the right to impose additional sanctions or a finding of criminal contempt, if warranted, in the event Prinzo failed to purge himself of civil contempt by producing the records identified in Exhibit A to the Amended Notice to Take Deposition. As Prinzo continues to refuse to comply with Court

orders and failed to purge himself of contempt, the only recourse is for the Court to impose additional sanctions as reserved in its Judgment and Order (docket entry 109).  Given that monetary and other sanctions have failed to have a deterrent effect upon the defendant, Ronaldo asks the Court to exercise its authority and order Prinzo to be confined until he purges himself of contempt.

Incarceration is an appropriate civil contempt penalty.  The Supreme Court of the United States has held that "[c]ivil contempt proceedings may yield a conditional jail term or fine." Hutto v. Finney, 437 U.S. 678, 691 (1978).  The Fifth Circuit Court of Appeals has reached a similar holding.  For example, the Fifth Circuit has held that "[a] fixed term of imprisonment, with the proviso that the contemnor will be released if he complies with the court order, is a proper penalty for civil contempt and the imposition of such a penalty does not make the proceeding criminal."  In re Dinnan, 625 F.2d 1146, 1149 (5th Cir. 1980). In fact, the Fifth Circuit has held on numerous occasions that incarceration in an appropriate penalty for civil contempt. See United States v. Brewer, No. 93-1168, 1993 U.S. App. LEXIS 39606, at *2 (5th Cir. July 23, 1993)(unpublished); Waffenschmidt v. Mackay, 763 F.2d 711 (5th Cir. 1985).

In United States v. Brewer, the Fifth Circuit upheld the lower court's finding of civil contempt ordering the defendants

3

to comply with the Court's order or face incarceration and a fine until they purged themselves of the contempt. See Brewer, supra, at *2. In Brewer, the government petitioned the district court for an order to enforce IRS summonses for William and Janyne Brewer to testify and produce various records relating to their income, which the district court ordered them to do. Id. at *1. Subsequently, the government moved for civil contempt as a result of the Brewers' refusal to answer. Id. After a hearing, the court ordered the Brewers to comply within a certain time frame or face both a fine and incarceration until they complied. See id. at *2. Although William Brewer was not a part of the appeal to the Fifth Circuit, William's motion to vacate the contempt order was denied by the district court and he was fined and incarcerated until he purged himself of civil contempt. See id. William's civil contempt was affirmed by the Fifth Circuit without opinion and the appeal related only to his wife, Janyne Brewer, who claimed her incarceration was invalid. See id. at *2-3. The Fifth Circuit ultimately upheld the order of incarceration for Janyne Brewer, as well. Id. at *7.

Additionally, in Waffenschmidt v. Mackay, Waffenschmidt sued Mackay for securities fraud relating to money paid to him for stock in a Mississippi corporation. See Waffenschmidt, supra., at 714. The district court ordered Mackay to pay $430,000 of the proceeds from the stock sale to the court, but Mackay was unable

to do so because he had already transferred the funds.  See id.
The Court held a hearing requiring Mackay to show cause why he
should not be held in contempt.  See id.  The Court found Mackay
guilty of civil contempt in August and ordered him jailed until
he purged himself of contempt by complying with the Court's
Order.  See id.  Mackay remained in jail until November when the
Court released him because further incarceration would be
punitive.  See id.

It is clear from the case law cited above that incarceration
can be imposed as a sanction and is a proper civil penalty.
Furthermore, it is clear that such a sanction does not deem the
proceeding criminal.  Rather, a fixed term of incarceration can
be ordered as a civil contempt sanction where the contemnor is
released upon compliance with the court's order.  This type of
civil sanction is clearly within this Court's authority.  The
Court may exercise its authority and order Prinzo to be confined
until he purges himself of civil contempt by producing the
requested documents.  This is necessary given that Prinzo has
failed to comply with monetary and other civil sanctions.

Those monetary and other civil sanctions have clearly failed
to produce a deterrent effect.  Prinzo continues to refuse to pay
Ronaldo the sum of $1,447.31, as mandated in the Court's Order
entered August 26, 2016 (docket entry 74).  Prinzo also refused
to appear for his deposition as ordered and has refused to

produce the records at issue on numerous occasions despite several orders to do so. As a result, the plaintiff submits that the only remedy remaining is the civil sanction of incarceration. Ronaldo requests sanctions of the type outlined above because it has already been shown that a monetary sanction awarding Ronaldo its expenses, attorney fees, and costs incurred as result of Prinzo's noncompliance is insufficient. Thus, Ronaldo submits that sanctions of the type it proposes have become both appropriate and necessary in this matter.

Ronaldo requests that this Court enter additional sanctions against Prinzo for his failure to purge himself of civil contempt by not producing the records identified in Exhibit A to the Amended Notice to Take Deposition (docket entry 46-1). The Court reserved the right to impose additional sanctions in its Judgment and Order of September 11, 2017 (docket entry 109). Ronaldo asks the Court to impose additional sanctions at this time. Ronaldo also asks the Court to impose the additional civil contempt sanction of incarceration because Prinzo has demonstrated that monetary and other sanctions will be ignored. The plaintiff therefore requests the Court to confine the defendant until the requested documents are produced, and for such other relief as the Court deems just and proper.

Accordingly,

IT IS HEREBY ORDERED that the parties, plaintiff Ronaldo

Designer Jewelry, Inc., and defendant, Phillip Prinzo, shall appear before the Court for a hearing at a date and time to be set by the Court.  The parties shall contact the Court, within 10 days from the date of entry of this Order, in order to set a date for the hearing.  Defendant Prinzo is advised that he must appear before the Court and show cause why additional sanctions against him should not be ordered, and he must show cause why he should not be incarcerated until he complies with the Court's Order.  If he fails to contact the Court or fails to appear at the hearing, the Court may issue an Order imposing additional sanctions, including incarceration, against him.

SO ORDERED, this the 23rd day of April, 2018.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE