IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONALDO DESIGNER JEWELRY, INC.                              PLAINTIFF

v.                              CIVIL ACTION NO. 5:14-cv-73-DCB-MTP

PHILLIP PRINZO                                              DEFENDANT

ORDER

This cause comes before the Court on the plaintiff Ronaldo Designer Jewelry, Inc. ("Ronaldo")'s Motion for Additional Sanctions Against the defendant Phillip Prinzo ("Prinzo")(docket entry 110), filed January 22, 2018. The Court previously found Prinzo in contempt of Court, and imposed sanctions against him. Ronaldo alleged that "monetary sanctions and all other sanctions are insufficient," in this case, and asked the Court to enter more stringent sanctions against Prinzo, up to and including incarceration, until he purges himself of contempt.

The Court required Prinzo to show cause, if any, for his failure to respond, and to show why sanctions, including incarceration, should not be imposed against him. Prinzo was further warned that failure to respond to the Court's Order could result in additional sanctions against him, as requested by the plaintiff.

Prinzo was previously sanctioned in the amount of $1,447,31 for his failure to attend the settlement conference, and was

ordered to appear for his continued deposition, respond to discovery requests, and produce the records identified in Exhibit "A" to the Amended Notice to Take Deposition (docket entry 46-1). Prinzo has continuously failed to pay to Ronaldo the sum of $1,447.31 in sanctions. Prinzo has also failed to otherwise comply, and has yet to produce the records identified in Exhibit "A" to the Amended Notice to Take Deposition (docket entry 46-1) as ordered in prior Orders (docket entries 74 and 93) and this Court's Judgment and Order (docket entry 109). Prinzo has not only ignored court orders since the inception of this case, but has also ignored sanctions imposed by the Court thus far, clearly demonstrating that monetary and other sanctions are not sufficient and do not have a deterrent effect. Since Prinzo has shown that such monetary and other sanctions are insufficient, Ronaldo has asked the Court to enter additional, more stringent sanctions, such as incarceration, until Prinzo purges himself of contempt.

In its Judgment and Order (docket entry 109), the Court expressly reserved the right to impose additional sanctions or a finding of criminal contempt, if warranted, in the event Prinzo failed to purge himself of civil contempt by producing the records identified in Exhibit "A" to the Amended Notice to Take Deposition. Inasmuch as Prinzo continues to refuse to comply

with Court orders, and has failed to purge himself of contempt, the only recourse is for the Court to impose additional sanctions as reserved in its Judgment and Order (docket entry 109). Given that monetary and other sanctions have failed to have a deterrent effect upon the defendant, Ronaldo asks the Court to exercise its authority and order Prinzo to be confined until he purges himself of contempt.

In this Court's Order of April 23, 2018 (docket entry 113), the Court ordered that the parties appear for a hearing on Ronaldo's Motion for Additional Sanctions.

On April 28, 2018, Prinzo wrote to the Court advising as to his physical condition. On May 16, 2018, a copy of that letter was filed as a "Restricted Document" (docket entry 114) to protect the privacy of Mr. Prinzo.

Once the plaintiff establishes non-compliance, the burden shifts to the defendant to show an inability to comply with the Court's Order. <u>Chicago Truck Drivers v. Brotherhood Labor Leasing</u>, 207 F.3d 500, 504-05 (8th Cir. 2000). A mere asserting of "present inability" is insufficient to avoid a civil contempt finding. An alleged contemnor defending on "inability to comply" must establish that "(1) [he is] unable to comply, explaining why 'categorically and in detail;' [his] inability to comply was not 'self-induced;' and (3) he made 'in good faith all reasonable

3

efforts to comply.'" Id. at 506.

The Court finds that it does not have sufficient information before it to decide whether Prinzo is unable to undergo civil confinement. Therefore, the Court shall order Prinzo to produce a Medical Report or Medical Reports from one or more physicians whom are providing care for him. These reports must be mailed directly to the undersigned judge, for filing as a "Restricted Document" to protect the privacy of Mr. Prinzo. The defendant shall have forty (40) days from the date of this Order to furnish the Court with the Medical Reports. Failure to do so could result in additional sanctions.

Accordingly,

IT IS HEREBY ORDERED that the defendant, Phillip Prinzo, shall have forty (40) days to furnish the Court with Medical Reports from his physician or physicians for filing as a "Restricted Document."

Upon receipt of the Medical Reports, the Court will notify the parties as to further proceedings.

SO ORDERED, this the 17th day of May, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE